United States District Court
Southern District of Texas
**ENTERED**
August 14, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BANCO MERCANTIL DE NORTE, S.A., INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO BANORTE; and ARRENDADORA Y FACTOR BANORTE, S.A. DE C.V., SOCIEDAD FINANCIERA DE OBJETO MÚLTIPLE, GRUPO FINANCIERO BANORTE,<br><br>Petitioners,<br><br>v.<br><br>JUAN JOSE PARAMO,<br><br>Respondent. | Misc. Action No. 4:23-MC-01188 |

## MEMORANDUM OPINION AND ORDER

Pending before the Court in this Miscellaneous Action is a Motion to Compel Production of Documents filed by the Petitioners. (Dkt. No. 25). The Motion also requests sanctions under Rule 37 of the Federal Rules of Civil Procedure, which the Court construes as a request made under Rule 37(b)(2)(A). (*See id.* at 10); (*See also* Dkt. No. 25-2 at 1–2) (proposed order sanctioning Respondent). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.

**I.    BACKGROUND**[1]

Earlier this year, two Mexican entities—Banco Mercantil del Norte, S.A., Institución de Banca Múltiple, Grupo Financiero Banorte and Arrendadora y Factor

---

[1] The Court makes the following factual findings solely for purposes of this Order.

Banorte, S.A. de C.V., Sociedad Financiera de Objeto Múltiple, Grupo Financiero Banorte (collectively the "Banorte Parties") filed this action, an application under 28 U.S.C. § 1782. (Dkt. No. 1).  The Banorte Parties sought production of certain documents from three individuals—including Juan Jose Paramo ("Paramo")—for use in ongoing proceedings in Mexico stemming from a series of defaulted loans between the Banorte Parties and Paramo.  (*Id.*).  The Court granted the application.  (Dkt. No. 5).  A subpoena was issued, and on October 25, 2023, it was served on Paramo.  (Dkt. No. 25-1 at 16).

The subpoena requested six categories of documents from Paramo.

1. Any and all documents exchanged between You on the one hand, and Cartograf or Cartwood, or their representatives or employees, on the other hand, including any communications, invoices, or payments.

2. Any and all documents exchanged between You and any customer, client, vendor, creditor, or debtor of Cartograf or Cartwood, including any communications, invoices, or payments.

3. Any and all documents exchanged between You and the Related Entities, or their representatives or employees, including any communications, invoices, or payments.

4. Any and all documents relating to transfers of money to or from You, either to or from Cartograf or Cartwood.

5. Copies of Your tax returns.

6. Any and all documents relating to Your bank accounts and assets.

(Dkt. No. 1-4 at 7–8).

Paramo filed a motion to quash that subpoena, (Dkt. No. 17), which the Court ultimately denied, (Dkt. No. 19).  Subsequently, counsel for Paramo represented that they were "confident we will be able to make most of our production by December 20."  (Dkt. No. 25-1 at 2).  This proved to be incorrect.  A day after the deadline, on December 21,

counsel for Paramo represented that their production had been delayed due to delays in receiving documents from local counsel in Mexico. (*Id.*). Later that day, Paramo made an initial production of documents in response to the subpoena. (*Id.*).

Counsel for the Banorte Parties conferred with Paramo's counsel regarding this initial production, which the Banorte Parties deemed insufficient. (*Id.*). Paramo's counsel again represented that they would produce the balance of the documents soon, and any delays were attributable to Mexican local counsel. (*Id.*). Counsel conferred a few days after, but again, there was no production. (*Id.* at 3). Counsel for the Banorte Parties served a deficiency letter on Paramo's counsel. (*Id.*). The letter was followed by Paramo's representation that responsive documents would be produced and an indication that he wished to pursue mediation. (*Id.*). In the end, no additional documents were produced. (*Id.*).

After these events, counsel for the Banorte Parties served a second deficiency letter on Paramo's counsel. (*Id.*). Again, no documents were produced. Instead, roughly four months after service of the subpoena and roughly two months after the Court's denial of the motion to quash, Paramo's counsel served objections to the subpoena. (*Id.* at 4, 34–39).

These objections were to all six categories listed in the subpoena, and each objection was the same. (*Id.* at 34–39). They stated:

3

> **RESPONSE:** Respondent objects to this request because it seeks information in violation of a legally applicable privilege, as protected under 28 U.S.C. § 1782(a). "A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege." All relevant information is protected by Mexican privilege law including the Mexican right against self-incrimination, the Mexican attorney-client privilege and Mexican confidentiality law.
>
> Respondent objects to this request because it seeks information protected by respondent's Constitutional right against self-incrimination. Based on advice of counsel, Respondent asserts his Fifth Amendment right against self-incrimination under the United States Constitution.
>
> Respondent also objects because Petitioner does not seek this information for the purposes of assistance in a foreign litigation as provided under 28 U.S.C.§ 1782. Petitioner seeks the information requested for other purposes, including U.S. litigation, U.S. criminal prosecution or other non-foreign matters not contemplated by 28 U.S.C. § 1782.
>
> Respondent objects because Petitioner seeks information that is overbroad in time and scope and unrelated to the matters involved in the foreign litigation and not reasonably calculated to lead to admissible evidence in the foreign litigation.
>
> Respondent objects to this request because it imposes an undue burden on Respondent, the request imposes obligations broader than those in the Federal Rules of Civil Procedure and is beyond the scope of those rules.
>
> Respondent objects to this request because the information it seeks is not in his possession, custody, or control.
>
> By objecting and responding to these requests, Respondent does not concede the relevancy or materiality of the request, or the subject matter. Respondent's responses are made expressly subject to, and without waiver of, any objections to relevancy, materiality, confidentiality, privilege, or admissibility as evidence or for any other purpose in any proceeding. No response or objection is a representation or admission that any information relevant to the request in fact exists, can be located after a reasonable search, or is known or reasonably available to Respondent.

(*Id.*). These objections were followed by a third deficiency letter. (*Id.* at 4). The Parties were unable to resolve the dispute, and so, the Banorte Parties filed the pending Motion. (Dkt. No. 25).

## II. LEGAL STANDARD

### A. MOTION TO COMPEL

Typically, discovery conducted pursuant to Section 1782 is done "in accordance with the Federal Rules of Civil Procedure." 28 U.S.C. § 1782(a). Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure govern objections to subpoenas. That rule states:

> (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
>
> (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
>
> (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

Fed. R. Civ. P. 45(d)(2)(B).

The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *See, e.g., McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). And as a general rule, failure to timely serve written objections to a subpoena is often treated as a waiver of all objections. *See, e.g., In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989).

### B. RULE 37 SANCTIONS

Rule 37 of the Federal Rules of Civil Procedure provides for the imposition of sanctions against a party who fails to obey an order to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A). Sanctions may include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i–vii). Instead of or in addition to sanctions permitted under Rule 37(b)(2)(A), "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Sanctions under Rule 37(b) may be appropriate in the presence of certain factors such as "willful disobedience, gross indifference to the right of the adverse party, deliberate callousness, or gross negligence." *Dorsey v. Acad. Moving & Storage, Inc.*, 423

F.2d 858, 860 (5th Cir. 1970). "The primary purpose of sanctions is to deter frivolous litigation and abusive tactics." *Topalian v. Ehrman*, 84 F.3d 433, No. 94-20567, 1996 WL 248995, at *4 (5th Cir. Apr. 12, 1996). Rule 37(b) "is designed to empower the court to compel production of evidence by the imposition of reasonable sanctions." *Dorsey*, 423 F.2d at 860. "Sanctions under Rule 37 serve the dual function of reimbursing the moving party and deterring the violator of the discovery orders (as well as other potential violators)." *Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1114 (5th Cir. 1986) (citing <u>Roadway Exp., Inc. v. Piper</u>, 447 U.S. 752, 763–64, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980)). The sanction imposed must be "the least severe sanction adequate to achieve the desired result." *Scaife v. Associated Air Ctr. Inc.*, 100 F.3d 406, 412 (5th Cir. 1996).

### III.   ANALYSIS

As mentioned above, the Banorte Parties have requested two forms of relief in the pending Motion. The Court addresses them in turn.

#### A.   MOTION TO COMPEL

Paramo's objection to the subpoena is, at this juncture, limited to his invocation of the Fifth Amendment privilege against self-incrimination.[2] (*See* Dkt. No. 27 at 3–6). The Banorte Parties argue this objection is untimely and waived. (Dkt. No. 25 at 6). The Court agrees with the Banorte Parties.

---

[2] Paramo initially objected on other grounds as well. (*See* Dkt. No. 25-1 at 34–39). These objections, however, are waived because Paramo has chosen to pursue only Fifth Amendment arguments in response to the pending Motion. *See, e.g.*, *Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 463 (N.D. Tex. 2015) ("[A] party who has objected to a discovery request must, in response to a motion to compel, urge and argue in support of his objection to a request, and, if he does not, he waives the objection.").

"Generally, in the absence of an extension of time or good cause, the failure to object to requests for discovery within the time fixed by the Federal Rules of Civil Procedure constitutes a waiver of any objection." *S.E.C. v. Kiselak Cap. Grp., LLC*, No. 4:09-CV-00256, 2011 WL 4398443, at *5 (N.D. Tex. Sept. 20, 2011) (citing *In re United States*, 864 F.2d at 1156); *see, e.g., Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."). "This principle of waiver applies to an objection that the information sought is privileged under the Fifth Amendment." *Id.* (citing *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

Here, Paramo was served with the subpoena months ago. At no time did Paramo object to the subpoena on Fifth Amendment grounds. Indeed, correspondence between the Parties indicated that he intended to fully comply with the subpoena. (Dkt. No. 25-1 at 1–4). Thus, Paramo failed to object to the subpoena within Rule 45's fourteen-day window.

Absent a showing of good cause, Paramo has waived his right to assert objections to the discovery requests based on his Fifth Amendment privilege. Paramo fails to show good cause. Indeed, Paramo's response to the Banorte Parties' argument lacks even a mention of good cause. The Court is therefore satisfied that Paramo has not met his burden. The Motion is granted.

### B. RULE 37 SANCTIONS

Turning now to the request that the Court hold Paramo in contempt and that he pay for attorney's fees under Rule 37(b)(2)(A), (C), the Court finds these sanctions are, for

8

the moment, unwarranted. Nothing in the record indicates that Paramo or his counsel have willfully disobeyed any one of the Court's orders. Indeed, the facts necessitating the filing of this Motion indicate that, at one point, it appeared Paramo and his counsel were, at the very least, attempting to produce responsive documents. For that reason, the Court therefore finds sanctions improper at this time. That will not be the case in the future. **Should Paramo fail to comply with this Order, the Court will sanction him, and if appropriate, his attorney, and he is on notice of same**.

## IV. CONCLUSION

Considering the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion to Compel. (Dkt. No. 25). Paramo is hereby **ORDERED** to produce documents responsive to the six requests for production contained in the subpoena served upon him on October 25, 2023, **no later than August 28, 2024**, unless extended by agreement.

It is SO ORDERED.

Signed on August 14, 2024.

*/s/ Drew B. Tipton*

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**