UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BANCO MERCANTIL DE NORTE, S.A., INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO BANORTE; and ARRENDADORA Y FACTOR BANORTE, S.A. DE C.V., SOCIEDAD FINANCIERA DE OBJETO MÚLTIPLE, GRUPO FINANCIERO BANORTE | § § § § § § § § § § § § § § § § | Misc. Action No. 4:23-MC-01188 |
| Petitioners, | | |
| v. | | |
| JUAN JOSE PARAMO, | | |
| Respondent. | | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court in this Miscellaneous Action is a Motion to Stay this Court's order granting in part and denying in part a motion to compel. (Dkt. No. 44). After reviewing the Motion, the Response, the record, the applicable law, and the arguments of counsel at a hearing, the Court finds that it should be **GRANTED**.

### I. BACKGROUND

*Over a year ago*, two Mexican entities came to this Court to obtain discovery from three individuals for use in ongoing proceedings in Mexico that stemmed from a series of default loans. (*See* Dkt. No. 1). Those entities are Banco Mercantil del Norte, S.A., Institución de Banca Múltiple, Grupo Financiero Banorte and Arrendadora y Factor Banorte, S.A. de C.V., Sociedad Financiera de Objeto Múltiple, Grupo Financiero Banorte

(collectively, the "Banorte Parties"). (*Id.*). And the relevant individual here is Juan Jose Paramo ("Paramo"). (*Id.*).

To obtain discovery from Paramo, the Banorte Parties filed an application under 28 U.S.C. § 1782. (*Id.*). After considering the *Intel* factors,[1] the Court granted the application. (Dkt. No. 5). On October 25, 2023, the Banorte Parties served a subpoena on Paramo requesting several categories of documents. (Dkt. No. 16). A couple of weeks later, Paramo moved to quash that subpoena, arguing that the *Intel* factors had not been satisfied. (Dkt. No. 17 at 11–15). The Banorte Parties countered that they had been satisfied. (Dkt. No. 18 at 6–12). Having been presented with both sides of the *Intel* argument,[2] the Court ultimately denied the motion to quash. (Dkt. No. 19).

Afterward, counsel for Paramo represented to the Banorte Parties that they were "confident [they would] be able to make most of [their] production by December 20." (Dkt. No. 25-1 at 2). At that time, there was no discussion of any self-incrimination objections to the subpoena. Instead, on December 21, a day after their proposed deadline, Paramo's counsel made a small initial production of documents in response to the subpoena and attributed their delay to not receiving documents from local counsel in Mexico. (*Id.*). Paramo's counsel further represented that more productions would follow. (Dkt. No. 25 at 4).

---

[1] *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65, 124 S.Ct. 2466, 2482–84, 159 L.Ed.2d 355 (2004).

[2] At the August 20, 2024, hearing on the present motion, counsel for Paramo agreed that an oral hearing was unnecessary for the motion to quash, and that motion could be decided on submission.

But almost a month after the Court's order denying the motion to quash, Paramo appealed. (Dkt. No. 20). This appeal was filed *after* Paramo had already begun complying, in part, with the subpoena. Despite the appeal, Paramo's counsel represented that document production would continue pending appeal, and tellingly, counsel did not seek a stay of discovery at that time. (Dkt. No. 25 at 4); (*see also generally* Dkt. No. 25-1).

But Paramo's representations proved false—again. After the Banorte Parties served three deficiency letters and after much conferral between the parties, Paramo produced zero additional documents. (*See* Dkt. No. 25-1 at 2–4). Instead, on February 23, 2024—roughly four months after service of the subpoena and roughly two months after the Court's denial of the motion to quash—Paramo's counsel served its objections to the subpoena. (*Id.* at 4, 34–39). Then, *for the first time*, Paramo asserted boilerplate objections that included a blanket invocation of Paramo's self-incrimination rights under the Fifth Amendment. (*Id.* at 34–39). Paramo's assertion of the Fifth Amendment privilege was *made four months after the subpoena had been served*. This reeked of gamesmanship and delay.

Ultimately, the Parties were unable to resolve their discovery dispute, so the Banorte Parties filed a motion to compel. (Dkt. No. 25). The Court granted in part and denied in part the motion to compel, and it ordered Paramo to produce the relevant documents by August 28, 2024. (Dkt. No. 40). But two days after the Court's order, Paramo appealed. (Dkt. No. 43).

And now, *over seven months after his first appeal of the motion to quash*, Paramo finally moves to stay discovery. (Dkt. No. 44).

## II. LEGAL STANDARD

"A stay is not a matter of right" but is instead "an exercise of judicial discretion," and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433, 129 S.Ct. 1749, 1760, 173 L.Ed.2d 550 (2009) (cleaned up) (citations omitted). The requesting party bears the burden of showing that the circumstances justify an exercise of the court's discretion to issue the stay. *Id.* at 433–34, 129 S.Ct. at 1761.

In determining whether a stay pending appeal is appropriate, courts consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* (citations omitted). "Although [all] four factors are relevant to determining entitlement to a stay, the first (likelihood of success on the merits) is arguably the most important." *Tesfamichael v. Gonzales*, 411 F.3d 169, 176 (5th Cir. 2005).

## III. DISCUSSSION

### A. Likelihood of Success on the Merits

Paramo argues a likelihood of success on two appeals: (1) his January 3 appeal, (Dkt. No. 20), of the Court's order denying the motion to quash, (Dkt. No. 19), which has been fully briefed and submitted to the Fifth Circuit; and (2) his August 16 appeal, (Dkt.

4

No. 43), of the Court's order granting in part the Banorte Parties' motion to compel, (Dkt. No. 40).[3] (*See* Dkt. No. 44 at 3–10).

### 1. The Merits of the First Appeal

Paramo presents three issues in his first appeal:

1. Did the district court abuse its discretion by violating its own rules and denying Paramo the opportunity to respond to the opposing party's arguments?

2. Did the district court abuse its discretion by improperly applying the third and fourth *Intel* factors, circumvention of proof gathering restrictions and imposing an undue burden in a § 1782 application?

3. Did the district court abuse its discretion in failing to limit the scope and burden of the requested discovery under Federal Rule of Civil Procedure 45?

Brief for Defendant-Appellant at 7, *Banco Mercantil De Norte, S.A. v. Paramo*, No. 24-20007 (5th Cir. argued Aug. 5, 2024), 2024 WL 1219995. Paramo argues that "[i]f the Fifth Circuit were to rule in his favor" on any of these grounds, the subpoena "underlying" the order compelling his compliance with the subpoena "would be invalid." (Dkt. No. 44 at 3).

To some extent, the Court agrees. This matter is currently before the Fifth Circuit who may either find that the subpoena should be quashed, or it may remand the issue to

---

[3] Paramo also filed a third notice of appeal, (Dkt. No. 47), relating to the Court's order granting in part the Banorte Parties' motion for sanctions, (Dkt. No. 41). But the subject of that appeal is not relevant to Paramo's stay request.

5

this Court to make additional findings. In any event, out of deference to the Fifth Circuit, the Court finds that discovery related to the subpoena on appeal should be stayed pending resolution of that appeal. This, despite the fact that Paramo did not move to stay discovery *for over seven months* after filing the appeal. (*See* Dkt. Nos. 20, 44). This, too, reeked of gamesmanship.

### 2. Merits of the Second Appeal

In his second appeal, Paramo argues that the Court "held that failure to assert the Fifth Amendment right against self-incrimination within 14 days of receipt of a subpoena waived [Paramo's] right under the Constitution" and that this was error. (Dkt. No. 44 at 4). But that characterization of the Court's Order is flatly wrong, and the Court informed Paramo as much at the August 20, 2024, hearing on this Motion.

The Fifth Amendment "is not a self-executing mechanism; it can be affirmatively waived, or lost by not asserting it in a timely fashion." *Maness v. Meyers*, 419 U.S. 449, 466, 95 S.Ct. 584, 595, 42 L.Ed.2d 574 (1975). "[T]he privilege may not be relied upon unless it is invoked in a timely fashion." *Roberts v. United States*, 445 U.S. 552, 559, 100 S.Ct. 1358, 1364, 63 L.Ed.2d 622 (1980). And according to Paramo's own authority, waiver is a matter left to the trial court's discretion. *In re DG Acquisition Corp.*, 151 F.3d 75, 82 (2d Cir. 1998) ("[T]he bankruptcy court possessed the discretion to look at all the circumstances and determine the appropriate penalty, if any, for the [parties'] untimeliness."). Even so, courts are generally more hesitant to find a waiver of Fifth Amendment rights than a waiver of other discovery objections. *See United States v. A & P Arora, Ltd.*, 46 F.3d 1152, 1995 WL 18276, at *1 (10th Cir. 1995); *see also Roland v. Landeros*,

No. 9:21-CV-00254, 2023 WL 8591531, at *3 (E.D. Tex. Apr. 28, 2023) (finding waiver of "all grounds for objections asserted in Plaintiff's responses to the discovery requests *except* for those based on the Fifth Amendment" (emphasis in original)).

Here, in the Order granting in part the Banorte Parties' motion to compel, the Court did not reject Paramo's Fifth Amendment objections because he made them after the 14-day deadline. Instead, the Court detailed the factual background of this case, including the *four-month delay* in lodging a boilerplate Fifth Amendment objection to producing *any documents whatsoever* as well as the representations to opposing counsel and the Court, all of which were designed to delay and avoid discovery. After doing so, the Court stated:

> Here, Paramo was served with the subpoena months ago. At no time did Paramo object to the subpoena on Fifth Amendment grounds. Indeed, correspondence between the Parties indicated that he intended to fully comply with the subpoena. (Dkt. No. 25-1 at 1–4). Thus, Paramo failed to object to the subpoena within Rule 45's fourteen-day window.

(Dkt. No. 40 at 8). The Court did not state that the assertion of the objection on the 15th day waived his right to assert a Fifth Amendment privilege. Instead, the Court noted the 14-day deadline for filing objections and articulated at some length, not only in that paragraph but throughout the nine-page order, the evidence of delay and gamesmanship in the record. It was because of this four-month delay and gamesmanship that the Court found that the Fifth Amendment assertion had been waived.

This aligns with what other courts have held.

| Case | Holding |
|---|---|
| *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) (citing *Maness*, 419 U.S. at 466, 95 S.Ct. at 595). | "Clearly, the Fifth Amendment is not a self[-]executing mechanism. It can be affirmatively waived or lost by not asserting it in a timely fashion." |
| *SEC v. Kiselak Cap. Grp., LLC*, No. 4:09-CV-00256, 2011 WL 4398443, at *5 (N.D. Tex. Sept. 20, 2011) (citation omitted) | "Generally, in the absence of an extension of time or good cause, the failure to object to requests for discovery within the time fixed the Federal Rules of Civil Procedure constitutes a waiver of any objection. . . . This principle of waiver applies to an objection that the information sought is privileged under the Fifth Amendment." |
| *Columbia Pictures Indus., Inc. v. Galindo*, No. 2:20-CV-03129, 2022 WL 3009463, at *11 (C.D. Cal. June 14, 2022), *report and recommendation adopted*, 2022 WL 3369629 (C.D. Cal. Aug. 15, 2022) | "Moreover, even if Defendant's assertion of the Fifth Amendment were valid, Defendant did not timely assert the Fifth Amendment as an objection to the discovery Plaintiffs served." |
| *United States v. $43,660.00 in U.S. Currency*, No. 1:15-CV-00208, 2016 WL 1629284, at *5 (M.D.N.C. Apr. 22, 2016) | "Failing to timely assert a privilege results in its waiver." |
| *In re Gorsoan Ltd.*, No. 17-CV-05912, 2020 WL 3172777, at *6 (S.D.N.Y. June 15, 2020) | "A tardy assertion of the privilege is likely to result in its loss where the delay was intentional and done for tactical gain." |
| *Marshall v. GE Marshall, Inc.*, No. 2:09-CV-00198, 2013 WL 785759, at *4 (N.D. Ind. Feb. 28, 2013) | "[H]ere, the defendants missed their opportunity to raise the Fifth Amendment." |

Accordingly, the Court finds Paramo's likelihood of success on the merits of his second appeal to be low.

### B.  IRREPARABLE INJURY

The irreparable-injury factor favors granting a stay. Paramo claims that "[i]f the Fifth Circuit were to rule in his favor" on the first appeal, "the underlying subpoena would be invalid." (Dkt. No. 44 at 3). Likewise, if the Fifth Circuit were to find that Paramo had validly invoked his Fifth Amendment rights, "he would be forced to provide potentially incriminating information against his own invocation of the Fifth Amendment." (*Id.* at 9). The Court agrees.

### C.  SUBSTANTIAL INJURY TO THE BANORTE PARTIES

The third factor favors denying a stay. The Banorte Parties purportedly seek discovery to enforce and verify compliance with the Mexican freezing orders currently against Paramo and his companies. (Dkt. No. 46 at 1). And Paramo has allegedly "transferred millions of dollars of stolen money through shell companies and into U.S. real estate and other assets to hide them from creditors, and has sold corporate assets at fire-sale auctions to prevent the Banorte Parties from seizing them." (*Id.*). Thus, the Banorte Parties complain that granting a stay would allow Paramo to continue "transferring and structuring assets to make them harder for creditors to reach." (*Id.*). Accordingly, the Court finds that this factor favors denying a stay.

### D.  THE PUBLIC INTEREST

Section 1782 "aims to provide efficient assistance to parties litigating in foreign tribunals and, by example, to encourage foreign assistance in U.S. Courts." *Banca Pueyo SA v. Lone Star Fund IX (US)*, L.P., 55 F.4th 469, 473 (5th Cir. 2022) (citing *Intel*, 542 U.S. at 252, 124 S. Ct. at 2476). The record reflects that Paramo has resisted every effort to make

this process "efficient" and has engaged in dilatory tactics. Still, the Court recognizes the constitutional nature of the potential harm and the "highest public interest in the due observance of all constitutional guarantees." *United States v. Raines*, 362 U.S. 17, 27, 80 S.Ct. 519, 526, 4 L.Ed.2d 524 (1960). Accordingly, the Court finds that this factor is neutral.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** the Motion for Stay Pending Appeal. (Dkt. No. 44). The Court **STAYS** the effect of its Memorandum Opinion and Order, (Dkt. No. 40), pending resolution of *Banco Mercantil v. Paramo*, No. 24-20007 (5th Cir. argued Aug. 5, 2024) by the Fifth Circuit.

It is SO ORDERED.

Signed on August 23, 2024.

Drew B Tipton

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**