United States District Court
Southern District of Texas
**ENTERED**
March 20, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **BANCO MERCANTIL DE NORTE,** | § | |
| **S.A., INSTITUCIÓN DE BANCA** | § | |
| **MÚLTIPLE, GRUPO FINANCIERO** | § | |
| **BANORTE, and ARRENDADORA** | § | |
| **Y FACTOR BANORTE, S.A. DE C.V.,** | § | |
| | § | |
| **Petitioners,** | § | |
| | § | |
| **v.** | § | **Misc. Action No. 4:23-MC-01188** |
| | § | |
| **JUAN JOSE PÁRAMO and SOMARIS** | § | |
| **& JJ PROPERTIES LLC,** | § | |
| | § | |
| **Respondents.** | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

The Court has issued four separate orders requiring Respondent Juan Jose Páramo to comply with its October 28, 2023, subpoena. (Dkt. Nos. 5, 19, 40, 77). Although this Court (and another) have issued discovery-related sanctions,[1] Páramo has yet to comply. Now, Páramo seeks a third stay of discovery due to his fourth appeal in this year-and-a-half-long discovery dispute. (Dkt. No. 80). His latest Motion consists entirely of arguments that are either forfeited or that the Court has already considered and rejected. It is time—past time—for Páramo to comply with his discovery obligations.

---

[1]    (Dkt. No. 41); Memorandum Ord. (Granting Motion to Compel; Ordering Position Regarding Att'ys Fees & Costs), *In re Application of Banco Mercantil de norte, S.A.*, No. 3:23-MC-00008 (E.D. Va. Jan. 6, 2025), ECF No. 42.

After considering the relevant filings, the record, the applicable law, and the arguments of counsel at a hearing, the Court **DENIES** Juan Jose Páramo's Third Motion for Stay Pending Appeals.  (Dkt. No. 80).

## I.    BACKGROUND[2]

This discovery dispute began a year and a half ago when two Mexican entities applied for discovery from three individuals for use in ongoing default-loan proceedings in Mexico.  (*See* Dkt. No. 1).  Those entities include Banco Mercantil del Norte, S.A., Institución de Banca Múltiple, Grupo Financiero Banorte and Arrendadora y Factor Banorte, S.A. de C.V., Sociedad Financiera de Objeto Múltiple, Grupo Financiero Banorte (collectively, the "Banorte Parties").  (*Id.* at 2).  And the relevant individual here is Juan Jose Páramo ("Páramo").  (*Id.*).

The Banorte Parties filed an application under 28 U.S.C. § 1782 to obtain the desired discovery from Páramo.  (*Id.*).  The Court granted the application and issued a subpoena.  (Dkt. No. 5).  Páramo moved to quash that subpoena, (Dkt. No. 17), but the Court denied the Motion, (Dkt. No. 19).

Counsel for Páramo then represented to the Banorte Parties that they were "confident [they would] be able to make most of [their] production by December 20." (Dkt. No. 25-1 at 6).  On December 21, a day after their proposed deadline, Páramo's counsel made a small initial production of documents in response to the subpoena and attributed their delay to not receiving documents from local counsel in Mexico.  (*Id.* at 2).

---

[2]    In previous orders, this Court detailed this case's factual and procedural background. (*See* Dkt. Nos. 40–41, 51, 77).

Páramo's counsel further represented that more productions would follow.  (Dkt. No. 25 at 4).

No productions came.  Rather, almost a month after the Court denied Páramo's Motion to Quash, (Dkt. No. 19), Páramo appealed, (Dkt. No. 20).  Despite the appeal, however, Páramo's counsel represented that document production would continue and did not seek a stay of discovery.  (Dkt. No. 25 at 4); (*see* Dkt. No. 25-1 at 13–32).

Again, no productions took place.  The Banorte Parties served three deficiency letters, but after much conferral between the Parties, Páramo did not produce any additional documents.  (*See* Dkt. No. 25-1 at 2–4).

Throughout all of this, Páramo did not make any self-incrimination objections to the subpoena.  Instead, on February 23, 2024—roughly four months after service of the subpoena and two months after the Court denied Páramo's Motion to Quash—Páramo objected to the subpoena.  (*Id.* at 4, 34–39).  And, *for the first time*, Páramo asserted boilerplate objections that included a blanket invocation of Páramo's self-incrimination rights under the Fifth Amendment.  (*Id.* at 34–39).  This assertion of the Fifth Amendment privilege came *four months* after the subpoena had been served.  As the Court noted in its Order denying Páramo's Motion to Quash, "[t]his reeked of gamesmanship and delay." (Dkt. No. 51 at 3).

Because the Parties could not resolve their discovery dispute, the Banorte Parties moved to compel.  (Dkt. No. 25).  On August 14, 2024, the Court granted in part and denied in part the Motion to Compel, ordering Páramo to produce the relevant documents by August 28, 2024.  (Dkt. No. 40).  The Court also overruled Páramo's Fifth

Amendment objections, citing the boilerplate nature of the objections and evidence of Páramo's gamesmanship, delay, and general chicane.[3]  (*Id.* at 3–4, 7–8).  As the Court previously made clear, it *did not* create a 14-day bright-line rule for invoking the Fifth Amendment.  (Dkt. No. 51 at 6–8); (Dkt. No. 57 at 4–8, 17–18).  Nor did the Court base its ruling solely on Páramo's delay.  The objections were rejected because of inadequate explanation, Páramo's gamesmanship, *and* their lack of merit.

Meanwhile, on appeal, Páramo argued that this Court erred by failing to address the *Intel*[4] factors in the Order denying the Motion to Quash.  Brief for Defendant-Appellant, Juan Jose Páramo at 9–10, 20–22, *Banco Mercantil de Norte, S.A. v. Páramo*, 114 F.4th 757 (5th Cir. 2024) (No. 24-20007), 2024 WL 1219995, at *8–9, 19–22.  The Fifth Circuit agreed, vacated this Court's December 5, 2023, Order, and remanded for more detailed findings.  *See Banco Mercantil de Norte, S.A.*, 114 F.4th at 762.

In light of the Fifth Circuit's remand, the Court instructed Páramo to file any reply brief by 5:00 p.m. on September 2, 2024.  (*See* Docket Entry 08/29/2024).  Páramo did not.  Instead, he filed a *Superseding* Motion to Quash in which he alleged that the Banorte Parties had served Páramo with a state-court petition and therefore could no longer show that the requested discovery was "for use" in foreign litigation as required by Section 1782.  (Dkt. No. 59 at 1).

---

[3]    The Court's concerns were confirmed at a later hearing, where Páramo's counsel admitted that counsel had not even reviewed the relevant documents at the time the Fifth Amendment objections were made.  (Dkt. No. 64 at 46, 57–58).

[4]    *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 124 S.Ct. 2466, 159 L.Ed.2d 355 (2004).

The Court held a hearing on September 5, 2024, to discuss the Superseding Motion. (Dkt. No. 64). At the hearing, Páramo's counsel conceded that there was no subsequent state-court litigation because the state-court petition had not been filed. (*Id.* at 15–17). The Court also requested more evidence from the Parties to substantiate certain assertions, such as Páramo's assertion of the right against self-incrimination and the Banorte Parties' assertion that Páramo was hiding assets. (*Id.* at 26–27, 63, 73).

The Court further learned from the hearing that Páramo's counsel made certain questionable representations to the Court. For example, throughout this litigation, Páramo's counsel represented that (1) the requested documents "will not be relevant to [the Banorte Parties'] civil proceedings," (Dkt. No. 17 at 14); (2) the subpoena "encompasses documents unrelated to the request," (Dkt. No. 59 at 15); (3) the documents are in a foreign country, (*id.* at 13–14); (4) the "swath of documents requested" is "ocean-sized," (*id.* at 15); and (5) all the documents are "protected by the Fifth Amendment of the Constitution and Mexican laws against self-incrimination," (*id.* at 16). But at the September 5 hearing, the Court discovered that Páramo's counsel had not even reviewed the subpoenaed documents. (Dkt. No. 64 at 46, 57–58). The Court noted its concerns about this in the Order denying the Superseding Motion to Quash. (Dkt. No. 77 at 5).

As a result of the hearing, the Court directed the Parties to provide corroborating evidence. (Dkt. No. 64 at 63, 73). So, on September 24, 2024, the Banorte Parties responded to Páramo's Superseding Motion to Quash and provided supporting documents for the Court's review. (Dkt. Nos. 70, 71, 72). Páramo replied. (Dkt. No. 73).

On November 27, 2024, the Court denied Páramo's Superseding Motion on various grounds, (Dkt. No. 77), but Páramo seeks to stay this Court's Order for the same reasons that this Court previously dismissed, (Dkt. No. 80).   The Banorte Parties responded, (Dkt. No. 82), and Páramo replied, (Dkt. No. 83).

The Fifth Circuit has since ruled on Páramo's appeal of this Court's August 14, 2024, Order.  *Banco Mercantil de Norte, S.A., v. Paramo*, No. 24-20372, 2025 WL 570875 (5th Cir. Feb. 21, 2025) (per curiam).  It dismissed the appeal as moot, concluding that this Court's November 27, 2024, Order, (Dkt. No. 77), denying Páramo's Superseding Motion to Quash—and Paramo's appeal of that Order—eliminated any live controversy relating to the Court's August 14, 2024, Order, *Banco Mercantil de Norte, S.A.*, 2025 WL 570875, at *1.

## II.     LEGAL STANDARD

"A stay is not a matter of right" but is instead "'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.'"   *Nken v. Holder*, 556 U.S. 418, 433, 129 S.Ct. 1749, 1760, 173 L.Ed.2d 550 (2009) (alteration in original) (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672–73, 47 S.Ct. 222, 228, 71 L.Ed. 463 (1926)).  The requesting party "bears the burden of showing that the circumstances justify an exercise of" the court's discretion to issue the stay.  *Id.* at 433–34, 129 S.Ct. at 1761.

6

In determining whether a stay pending appeal is appropriate, courts consider four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987)). "Although [all] four factors are relevant to determining entitlement to a stay, the first (likelihood of success on the merits) is arguably the most important." *Tesfamichael v. Gonzales*, 411 F.3d 169, 176 (5th Cir. 2005).

## III.    DISCUSSION

Páramo seeks a stay pending two appeals: (1) his appeal of the Court's August 14, 2024, Order granting in part and denying in part the Banorte Parties' Motion to Compel, in which the Court overruled Páramo's Fifth Amendment objections (the "Second Appeal") and (2) his appeal of the Court's November 27, 2024, Order denying his Superseding Motion to Quash (the "Fourth Appeal"). (Dkt. No. 80 at 1).

Because the Fifth Circuit has already dismissed Páramo's Second Appeal as moot, *Banco Mercantil de Norte, S.A.*, 2025 WL 570875, at *1, the request to stay proceedings pending that ruling is likewise moot. Therefore, the Court denies Páramo's request to stay proceedings due to his Second Appeal.

Regarding Páramo's Fourth Appeal, the Court likewise denies his request because Páramo's arguments on appeal are unlikely to succeed; he will not suffer irreparable

injury; a stay would substantially injure the Banorte Parties; and the public interest favors the end of this year-and-a-half-long dispute.

### A.    SUCCESS ON THE MERITS

To establish the first discretionary factor, the movant must make "a strong showing that [it] is likely to succeed on the merits" of its appeal.  *Moore v. Tangipahoa Par. Sch. Bd.*, 507 F.App'x 389, 392 (5th Cir. 2013) (per curiam) (quoting *Hilton*, 481 U.S. at 776, 107 S.Ct. at 2116).  Páramo cannot show a likelihood of success on the merits of his arguments on appeal.

### 1.    Páramo's Fifth Amendment arguments are unlikely to succeed

In his Second Appeal, Páramo argued that this Court abused its discretion by overruling Páramo's Fifth Amendment objections to discovery.  Brief for Defendant-Appellant, Juan Jose Páramo at 12–17, *Banco Mercantil de Norte, S.A.*, 2025 WL 570875 (No. 24-20372), 2024 WL 4834593, at *6–11.  Páramo apparently intends to make similar arguments in his Fourth Appeal.  (*See* Dkt. No. 80 at 9–10).  These arguments lack merit.

First, the Court notes that by the time it issued its November 27, 2024, Order, the record showed that Páramo's counsel had not reviewed any of the purportedly privileged documents.  (Dkt. No. 64 at 46, 57–58).  On that record, the Court finds that Páramo is unlikely to succeed on the merits of his Fifth Amendment arguments in his Fourth Appeal.

Second, Páramo has already sought a stay on Fifth Amendment grounds, relying on the same mischaracterization of the Court's orders that he now repeats.  *Compare* (Dkt. No. 44 at 4–10) (Páramo's first Motion to Stay) *with* (Dkt. No. 80 at 9–13) (Third Motion

to Stay). The Court rejected those arguments. (Dkt. No. 51 at 6–8). Páramo's arguments are no more persuasive now than then. In fact, they are less persuasive because the Court allowed counsel to assert any privileges after conducting the document review that he had failed to conduct before asserting the privilege. (*See* Dkt. No. 64 at 60–61). But even in this Third Motion to Stay, counsel for Páramo has yet to show or even allege that any further review has occurred. (*See generally* Dkt. No. 80).

Finally, this is not a criminal proceeding, and Páramo is not currently facing criminal charges in the United States. Blanket, unsubstantiated invocations of the Fifth Amendment are not a free pass to escape civil discovery. (*See* Dkt. No. 51 at 8) (collecting cases overruling Fifth Amendment objections to civil discovery when the evidence shows that the objections lack credence).

For these reasons, the Court finds that Páramo is unlikely to succeed on the merits of his Fifth Amendment arguments.

## 2.  <u>The Court followed the Fifth Circuit's mandate to the letter</u>

Páramo also contends that the Court did not follow the Fifth Circuit's mandate on remand because it did not reconsider the original Section 1782 application and instead addressed only his Superseding Motion to Quash. (Dkt. No. 80 at 4–7). Páramo appears to believe that the Fifth Circuit vacated the Court's Order granting the Banorte Parties' Section 1782 application. (*Id.* at 12–13).

This argument fails for several reasons. First, the Fifth Circuit did not have jurisdiction to vacate the original order granting the Section 1782 application because Páramo never appealed it. Instead, he appealed only the Court's Order denying his

Motion to Quash. (*See* Dkt. No. 20) (appealing only Dkt. No. 19). The Fifth Circuit's decretal confirms this, explicitly stating that it vacates the Court's "denial of Páramo's motion to quash" without mentioning the original Section 1782 Order. *Banco Mercantil de Norte, S.A.*, 114 F.4th at 762.

Second, Páramo's own conduct belies his current position. During the extensive briefing following remand, Páramo never argued that the original subpoena had been vacated. On the contrary, he acknowledged the continuing validity of the underlying discovery order by filing a *Superseding* Motion to Quash. (*See* Dkt. No. 59). Indeed, at the hearing on his Superseding Motion, Páramo's counsel agreed that this was "the same subpoena" on which the Court had "already ruled." (Dkt. No. 64 at 10). And when the Court asked if counsel had any other issues to raise, counsel responded that "my record is clean, except for the reply." (*Id.* at 63). That record shows no instance where Páramo challenged the Court's decision not to reconsider the original Section 1782 application. Páramo has forfeited this argument. *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument by failing to raise it in the first instance in the district court . . . .").

In any event, the Court's analysis of the Superseding Motion to Quash included all the factors relevant to the initial Section 1782 application. (Dkt. No. 77 at 6–14). The Court's November 27, 2024, Order analyzed the statutory requirements of Section 1782 and each of the discretionary *Intel* factors. (*Id.*). This analysis would have been identical had the Court styled its Order as reconsidering the initial application rather than denying the Motion to Quash. Moreover, the Court gave Páramo multiple opportunities to submit

new evidence substantiating his assertions—opportunities he failed to take. (*See id.* at 6) (explaining how Páramo ignored the Court's request to submit evidence). In short, the Court provided Páramo precisely the opportunity he now claims to have been denied; any error he argues on appeal is thus harmless. *City of Arlington v. FCC*, 668 F.3d 229, 243 (5th Cir. 2012) ("[T]he harmless error rule requires the party asserting error to demonstrate prejudice from the error." (alteration in original) (quoting *Air Can. v. Dep't of Transp.*, 148 F.3d 1142, 1156 (D.C. Cir. 1998)).

The Fifth Circuit held that "[a] district court must offer some explanation whenever it grants or denies a motion to quash § 1782 discovery." *Banco Mercantil de Norte, S.A.*, 114 F.4th at 762. That is what the Court did on remand. (Dkt. No. 77 at 1–26). The Court finds that Páramo is unlikely to succeed in his argument that the Court did not follow the Fifth Circuit's mandate.

### 3.    The Court considered the Mexican Supreme Court order

Páramo's third argument—that the Court disregarded a purportedly relevant Mexican Supreme Court decision—is also unlikely to succeed on appeal. Páramo contends that a recent Mexican Supreme Court decision shows that Mexican courts would be hostile to U.S. judicial assistance in this matter. (*See* Dkt. No. 74). Páramo argues that this Court abused its discretion by not considering that decision in its motion-to-quash analysis. (Dkt. No. 80 at 8–9). Páramo mischaracterizes both the Mexican Supreme Court's ruling and this Court's treatment of it.

Páramo argues that the Court did not consider the Mexican Supreme Court's ruling. (*Id.*). Not so. The Court considered Páramo's arguments about the Mexican

Supreme Court decision and found them unpersuasive and irrelevant to the Court's analysis. After Páramo filed his supplement about the Mexican court's ruling, this Court ordered expedited briefing from the Banorte Parties. (*See* Docket Entry 10/29/2024). The Banorte Parties' response, supported by declarations from Mexican counsel, explained that the Mexican Supreme Court decision neither referenced these discovery proceedings nor impacted any pending Mexican litigation concerning Páramo. (Dkt. No. 76 at 1–3); (Dkt. No. 76-1 at 5–6) ("Third Declaration of Ricardo Aguirre Marín"). Instead, the decision dealt only with Mexican proceedings against entities that are not parties to this discovery litigation. (Dkt. No. 76 at 1–3); (Dkt. No. 76-1 at 5–6).

Páramo's argument fails because he has not met the Fifth Circuit's standard for denying discovery based on foreign-court receptivity. To meet this burden, a party must point to a "clear directive" from the relevant foreign tribunal that it "would reject evidence" produced in the United States. *Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373, 377 (5th Cir. 2010) (quoting *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995)). Páramo points to nothing like this in the Mexican Supreme Court's decision, (*see generally* Dkt. No. 74), which is why this Court did not discuss the decision in its Motion to Quash, *see Rita v. United States*, 551 U.S. 338, 356, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007) ("The appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances. Sometimes a judicial opinion responds to every argument; sometimes it does not . . . . The law leaves much, in this respect, to the judge's own professional judgment."); *United States v. Wilson*, No. 21-50784, 2022 WL 944683, at *1 (5th Cir. Mar. 29, 2022) (per curiam) ("Although the district court

did not specifically address each argument made by Wilson, there is no indication that the district court did not consider them.").

The Court's Order denying the Motion to Quash found "no authoritative evidence that Mexican courts are hostile to the assistance of U.S. federal courts under Section 1782." (Dkt. No. 77 at 10–11). This finding aligns with the record and substantial precedent establishing Mexican courts' general receptivity to U.S. federal court assistance in discovery matters. (*Id.*). Páramo has shown nothing in the Mexican Supreme Court's decision that would disturb this well-established principle. What's more, the Fourth Circuit has recently rejected similar arguments made by one of Páramo's companies in related litigation. *See, e.g.*, *In re Banco Mercantil del Norte, S.A.*, 126 F.4th 926, 934–35 (4th Cir. 2025) (determining that the district court did not abuse its discretion in finding the complainant's evidence more convincing than the respondent's "vague[,] general discussion of the Mexican privilege"). For these reasons, the Court finds that Páramo is unlikely to succeed on his argument about the Mexican Supreme Court's order.

### 4.    The Court properly analyzed the attempted state-court litigation

Finally, Páramo argues that the Court "abused its discretion under the *Intel* factors when it allowed § 1782 [discovery] despite the attempted service of a domestic state court lawsuit against Mr. Páramo by Banorte." (Dkt. No. 80 at 13). The Court considered and rejected this argument in its Order denying the Superseding Motion to Quash. (Dkt. No. 77 at 7–9, 14–15). There, the Court explained that

> in assessing the third *Intel* factor, the Court will give due weight to the state-court petition that the Banorte Parties considered filing (but have not filed) after more than a year of

13

> seeking discovery from Páramo and in response to Páramo's (alleged) efforts to hide and dissipate assets—efforts that stand to benefit from Páramo's delay in this proceeding.

(*Id.* at 8–9). In its consideration of the third *Intel* factor, the Court gave the unfiled state-court petition all the weight it was due. (*Id.* at 14–15). Páramo offers no new arguments or authority that would alter the Court's analysis. The Court stands by its reasoning and finds that Páramo is unlikely to succeed on this argument on appeal.

\* \* \*

In sum, Páramo has not shown a likelihood of success on any of his arguments on appeal. As the likelihood of success "is arguably the most important" factor in the stay analysis, *Tesfamichael*, 411 F.3d at 176, this strongly favors denying the stay.

## B.    IRREPARABLE INJURY

Páramo also has not shown that he would suffer any irreparable harm absent a stay. Páramo's only claimed irreparable injury is the potential violation of his Fifth Amendment rights. (Dkt. No. 80 at 14). Whatever persuasive value this argument had in the past, (*see* Dkt. No. 51 at 9), was lost when Páramo's counsel admitted to not having reviewed the documents over which Fifth Amendment protection is claimed, (Dkt. No. 77 at 5).[5]

---

[5]    The Court's prior orders were limited to addressing the specific objections then before the Court—blanket, unsubstantiated objections to all document requests. Nothing in the Court's past orders prevents Páramo from asserting valid, specific objections to the production of particular documents. In other words, the Court has never held that Páramo has "waived" his Fifth Amendment privilege altogether; instead, the Court overruled specific objections that did not meet the standard for valid Fifth Amendment objections in this Circuit. *See SEC v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 668 (5th Cir. 1981) (holding that a party must "object with specificity to the information sought from him" so that the trial court can make "a particularized inquiry,

(continue)

As Páramo offers no allegations of irreparable harm other than his boilerplate, unsubstantiated claims of Fifth Amendment privilege, the Court finds that this factor favors denying the stay.

### C.    SUBSTANTIAL INJURY TO THE BANORTE PARTIES

The Court has already explained that the Banorte Parties will likely suffer substantial injury by continued delay.  (Dkt. No. 51 at 9).  Since then, the Banorte Parties have submitted further evidence supporting their allegations that Páramo continues to hide and dissipate assets while he delays discovery.  (*See* Dkt. No. 71 at 4–5, 10–11); (Dkt. Nos. 71-1, 71-2, 71-3, 71-4); (*see also* Dkt. No. 46-1).  This factor favors denying the stay.

### D.    THE PUBLIC INTEREST

Section 1782 "aims to provide efficient assistance to parties litigating in foreign tribunals and, by example, to encourage foreign assistance in U.S. Courts."  *Banca Pueyo SA v. Lone Star Fund IX (US), L.P.*, 55 F.4th 469, 473 (5th Cir. 2022) (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 252, 124 S.Ct. 2466, 2476, 159 L.Ed.2d 355 (2004)).  "The record [still] reflects that Páramo has resisted every effort to make this process 'efficient' and has engaged in dilatory tactics."  (Dkt. No. 51 at 9–10); *see In re*

---

deciding, in connection with each specific area that the questioning party seeks to explore, whether or not the privilege is well-founded" (quoting *United States v. Melchor Moreno*, 536 F.2d 1042, 1049 (5th Cir. 1976)); (*see* Dkt. No. 77 at 25–26).

To that end, in response to the Court's January 6, 2025, order directing counsel to describe efforts made to review responsive documents, Páramo's counsel filed a report indicating that he had reviewed a "substantial portion" of the documents, including over three thousand emails and tens of thousands of pages of other materials.  (Dkt. No. 85 at 4).  If this review reveals particular documents or well-defined categories of documents that fall within the Fifth Amendment privilege, Páramo may object—*with the required specificity*—to the production of those documents through discovery responses.  For that reason, Páramo has everything he needs to avoid irreparable injury on Fifth Amendment grounds.

*Gushlak*, No. 1:11-MC-00218, 2012 WL 2564466, at *8 (E.D.N.Y. Jan. 30, 2012) (finding that a stay "would plainly undermine" Section 1782's goals of ensuring that "litigants in international litigation would have an efficient way to get the discovery they need" and "would not be in the public interest"), *report and recommendation adopted*, 2012 WL 1514824 (E.D.N.Y. Apr. 30, 2012); *In re Application of Hornbeam Corp.*, No. 1:14-MC-00424, 2017 WL 2241522, at *2 (S.D.N.Y. May 22, 2017). The public interest favors denying the stay.

## IV.    CONCLUSION

For the reasons above, the Court **DENIES** Páramo's Motion for Stay Pending Appeal. (Dkt. No. 80). The subpoena, (Dkt. No. 5), and the Court's Order granting in part and denying in part the Motion to Compel, (Dkt. No. 40), remain in full effect.

It is SO ORDERED.

Signed on March 19, 2025.

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**